IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| *SHERRY PHELPS,* | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. |
| *CEDAR BROOK APARTMENTS, LLC (d/b/a CEDAR BROOKE APARTMENTS)* | ) ) **JURY TRIAL DEMANDED** ) ) |
| Defendant. | ) ) ) |

# NOTICE OF REMOVAL

Defendant First Pacific Group, Inc. ("First Pacific Group") improperly named Cedar Brook Apartments, LLC d/b/a Cedar Brooke Apartments by and through its attorneys Sandberg Phoenix & von Gontard P.C. pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 files its Notice of Removal to the United States District Court for the Western District of Missouri, Western Division. First Pacific Group asserts the following grounds supporting removal:

1. This matter was filed in the Circuit Court of Jackson County, Missouri and was assigned case number 2216-CV09707 on or about April 29, 2022. First Pacific Group was served through a representative at 3100 Quail Creek Dr, Independence, MO 64055 on September 23, 2022.

2. As First Pacific Group was not served more than 30 days before this Notice of Removal and because this action was commenced less than one year ago, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446.

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1441 because this case could have originally been filed in this Court pursuant to 28 U.S.C. § 1332.

4. Specifically, this Court has subject matter jurisdiction over this action because there is the requisite diversity of citizenship between plaintiff and defendant and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Plaintiff is a citizen of the State of Missouri for purposes of diversity. (*See*, Plaintiff's Petition at ¶ 1).

6. First Pacific Group is a citizen of California because it is a California corporation with its principal place of business in California.

7. First Pacific Group is the management company for the Cedar Brooke Apartments.

8. Since plaintiff and defendant are citizens of different states diversity of citizenship exists.

9. Although plaintiff does not plead a specific amount of damages she affirmatively states she has damages exceeding $25,000 and First Pacific Group can establish the amount in controversy requirement is met based upon plaintiff's allegations of injuries and the relief requested.[1]

10. When a plaintiff fails to plead the specific amount of recovery "the removing party in a case based upon diversity of citizenship must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *In Re Minn. Mut. Life Ins. Co., Sales Practice Lit.,* 346 F.3d 830, 834 (8th Cir. 2003); *see also, Bell v. Hershey Co.,* 557 F.3d 953, 956 (8th Cir. 2009);

---

[1] First Pacific Group is not required to concede plaintiff is, in fact, entitled to recover more than $75,000. *See Kelderman v. Remington Arms Co.*, 734 F. Supp. 1527, 1528 (S.D. Iowa 1990) (rejecting plaintiff's attempt to "place [a] defendant in the awkward position of embracing a concession on the important issue of damages," to establish jurisdiction, noting that a "defendant need not go that far"). Indeed, First Pacific Group specifically denies plaintiff is entitled to recover any damages.

28 U.S.C. § 1446(c)(2)(B) (amount in controversy determined by "preponderance of the evidence").

11. Importantly, "the jurisdictional fact…is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are." *James Neff Kramper Family Farm P'ship v. IBP, Inc.,* 393 F.3d 828, 833 (8th Cir. 2005) (citing *Kopp v. Kopp,* 280 F.3d 883, 885 (8th Cir. 2002)).

12. Plaintiff alleges the trip and fall at issue has caused her to suffer "injuries, disabilities, infirmities, and damages" which are "permanent, painful, and progressive in nature." (*See* Plaintiff's Petition at ¶ 20). Those damages were "including, but not limited to," the following: (a) "Past medical and hospital expenses," (b) "Future medical, hospital and life care expenses," (c) "Past lost wages," (d) "Diminished earning capacity," (e) Past and future emotional distress," (f) Pain and suffering," (g) "mental anguish," "disfigurement," and "past and future loss of enjoyment of life." (*See* Plaintiff's Petition at ¶ 19).

13. Where plaintiffs allege serious, permanent injuries, Federal Courts in Missouri have concluded the amount in controversy requirement has been met. *See Quinn v. Kimble,* 228 F. Supp. 2d 1038, 1041 (E.D. Mo. 2002); *Hall v. Vlahoulis,* No. 06-6107-CV-SJ-FJG, 2007 WL 433266, at *1 (W.D. Mo. Feb. 5, 2007).

14. Thus, plaintiff's claim for damages arising from allegedly serious and permanent physical injuries coupled with her claim for past and future economic damages demonstrates that based on the preponderance of the evidence the amount in controversy exceeds $75,000.

15. The United States District Court for the Western District of Missouri, Western Division, embraces the county in which the state court action is now pending.

3

20368745.v1
Case 4:22-cv-00673-WBG   Document 1   Filed 10/21/22   Page 3 of 5

16. Thus, this Court is the proper venue for this action pursuant to 28 U.S.C. § 105(a)(1).

17. Pursuant to 28 U.S.C. § 1446(d), First Pacific Group will give written notice of the filing of this Notice of Removal to Plaintiff and will file a copy of the Notice of Removal with the Clerk of the Circuit Court of Jackson County, the Court in which the action is currently pending.

18. If any question arises as to the propriety of the removal of this action, First Pacific Group requests the opportunity to brief any disputed issues and to present oral argument in support of removal.

19. A copy of all process, pleadings, and other documents served on First Pacific Group in the state court matter, including plaintiff's Petition, is attached hereto as <u>Exhibit A</u>.

20. First Pacific Group certifies that, on the date of filing of this Notice of Removal, it has filed a notice of that filing in the state court matter, and the notice of filing attached a true and accurate copy of this Notice of Removal as an exhibit. A copy of the notice of filing, without its attachments, is attached hereto as <u>Exhibit B</u>.

21. A copy of Civil Cover Sheet is attached hereto as <u>Exhibit C</u>.

22. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of First Pacific Group's rights to assert any defense or affirmative matter, including, but not limited to, the defenses of (a) lack of jurisdiction over the person, (b) improper venue, (c) insufficiency of process, (d) insufficiency of service of process, (e) improper joinder of claims and/or parties, (f) failure to state a claim, (g) failure to join indispensable party, or (h) any other procedural or substantive defense available under state or federal law.

WHEREFORE, First Pacific Group, Inc., improperly named Cedar Brook Apartments, LLC d/b/a Cedar Brooke Apartments, respectfully requests this matter be removed from the Circuit

Court of Jackson County, Missouri to the United States District Court for the Western District of Missouri, Western Division, and for other and further relief this Court deems just and proper.

## JURY TRIAL DEMANDED

Defendant First Pacific Group, Inc. respectfully requests a jury by trial in this matter.

SANDBERG PHOENIX & von GONTARD P.C.

By: */s/ Timothy B. Niedbalski*
Timothy B. Niedbalski, #59968
Tyler M. Waugh, #71305
600 Washington Avenue - 15th Floor
St. Louis, MO 63101-1313
314-231-3332
314-241-7604 (Fax)
tniedbalski@sandbergphoenix.com
twaugh@sandbergphoenix.com

Attorneys for Defendant
First Pacific Group, Inc.

## Certificate of Service

I hereby certify that on 21st day of October 2022 the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following and sent via U.S. Mail, postage prepaid to:

David L. Johnson
Dipasquale Moore, LLC
4050 Pennsylvania Ave., Suite 121
Kansas City, MO 64111
Dave.johnson@dmlawusa.com

*/s/ Timothy B. Niedbalski*

20368745.v1